**Thomas FEATSENT, et al., Plaintiffs,**

v.

**CITY OF YOUNGSTOWN, Defendant.**

No. 4:92CV2292.

United States District Court,
N.D. Ohio,
Eastern Division.

Oct. 6, 1993.

Richard T. Bush, Dennis Haines, Green, Haines, Sgambati, Murphy & Macala, Youngstown, OH, for plaintiffs.

Joseph R. Young, Jr., Timothy J. Jacob, Manchester, Bennett, Powers & Ullman, Youngstown, OH, for defendant.

*MEMORANDUM OF OPINION AND ORDER RE: GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

MATIA, District Judge.

The above-captioned matter is before the Court upon cross motions for summary judgment. The plaintiffs, police officers employed by the defendant, City of Youngstown ("City"), bring the instant action against the City for alleged failure to comply with the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), in its calculation of overtime compensation. Upon reviewing the memoranda in support and opposition, and reply memorandum,[1] the Court hereby GRANTS plaintiffs' motion for summary judgment and DENIES defendant's motion for summary judgment for the following reasons.

## FACTS

On October 29, 1992, plaintiffs, Thomas Featsent, Franklin Palmer and Kenneth Centorame, filed a class action against the City alleging that the City violated the FLSA in its computation of overtime.

On December 11, 1992, the City filed an answer denying that it violated the FLSA and asserting as a defense that the computation of overtime was performed in compliance with the Collective Bargaining Agreement ("Agreement") entered between the City and the plaintiffs' representative, the Labor Council of the Fraternal Order of Police ("Union").

On July 6, 1993, the plaintiffs filed a motion for summary judgment with respect to the issue of the City's liability under the FLSA. Specifically, the plaintiffs argue that the City violated the FLSA by failing to include in the "regular rate of pay" upon which overtime is calculated, remuneration for shift differentials, hazardous duty pay, non-discretionary bonuses and longevity pay.

On July 26, 1993, the City filed a motion for summary judgment, arguing that it had fully complied with the FLSA requirements by establishing a "basic rate" pursuant to its Agreement with the Union; and that it had properly calculated overtime compensation in accordance with that Agreement.

## ANALYSIS

The FLSA requires that employers compensate their employees who work more than forty hours per week at a rate "one and one-half times the *regular rate*" at which they are employed for those hours in excess of forty. 29 U.S.C. § 207(a) (emphasis added) ("Section 7a"); *Minizza v. Stone Container*

---

1. Defendant's Motion to Strike Plaintiffs' Reply to Reply Memorandum was granted on September 28, 1993, on the ground that neither the Local Rules nor the Court authorize such a filing.

**1136**

*Corp.,* 842 F.2d 1456, 1459 (3rd Cir.1988).[2] The term "regular rate" is defined to include "all remuneration for employment paid to, or on behalf of, the employee", 29 U.S.C. § 207(e), except for payments specifically excluded by paragraphs (1) through (7). *See Id.*

Section 778 of 29 Code of Federal Regulations ("C.F.R.") constitutes the official interpretation of the U.S. Department of Labor with respect to the meaning and application of the overtime requirements contained in Section 7a. It states that among the items of compensation specifically excluded from the "regular rate" are gifts, certain contributions by the employer to profit-sharing or savings plans, certain premium rates and discretionary bonuses. 29 C.F.R. § 778.208. As previously stated, the items of compensation at issue in the instant case are shift differentials, hazardous duty payments, non-discretionary bonuses and longevity payments.

■ Neither shift differentials nor hazardous duty pay are specifically exempted from the statutory rate of payment required for overtime calculations, 29 U.S.C. § 207(e)(1–7), thus they must be reflected in that rate. Furthermore, precedent dictates that higher-than-normal wages paid to an employee for work that is either disagreeable or hazardous, or for work which occurs at undesirable hours, must enter into the determination of the "regular rate" of pay. *Bay Ridge Co. v. Aaron,* 334 U.S. 446, 468–469, 68 S.Ct. 1186, 1198–99, 92 L.Ed. 1502 (1948). Therefore, as a matter of law, the Court finds that shift differentials and hazardous duty pay must be included in the calculation for the plaintiffs' overtime compensation.

**2.** Defendant City is an employer within the meaning of FLSA.

**3.** Other examples of non-discretionary bonuses are bonuses which are promised to employees upon hiring; bonuses which are announced to employees to induce them to work more steadily or more rapidly or more efficiently, or to remain with the firm; attendance bonuses; production bonuses; bonuses contingent upon the employee's continued employment. *Id.*

**4.** Longevity payments which are required by contract cannot be classified as gifts, Section 7(e)(1), or discretionary bonuses, Section 7(e)(3), be-

■ Non-discretionary bonuses must also be included in the computation of overtime, while discretionary bonuses are excluded. *See generally,* 29 C.F.R. §§ 778.208–778.211; *Walling v. Harnischfeger Corp.,* 325 U.S. 427, 65 S.Ct. 1246, 89 L.Ed. 1711 (1945); *Lopez v. Art Kraft Containers, Corp.,* 660 F.Supp. 404 (E.D.Pa.1987). A bonus is discretionary if the employer retains discretion both as to the fact of payment and the amount of payment. 29 C.F.R. § 778.211(b). In order to be excluded, the amount must be determined by the employer without prior contract, agreement or promise. *Id.* at § 778.211(c). Conversely, the Court finds that any bonus which is the result of collective bargaining is a non-discretionary bonus, and must, as a matter of law, be included in the "regular rate" of pay upon which the plaintiffs' overtime is calculated.[3]

■ Longevity payments made pursuant to a city ordinance or a collective bargaining agreement must be included in the "regular rate" used to compute overtime.[4] Admin.Ltr.Rul.: Dept. of Labor, Wage and Hour Div. (August 26, 1986); *Moreau v. Klevenhagen,* 956 F.2d 516, 521 (5th Cir.1992). The longevity payments in the instant case are required by both a city ordinance, *Youngstown Revised Code* § 163.60, and the parties' collective bargaining agreement. *See* Agreement, Article 11, Section 4. Thus, this Court finds that the law also requires that such payment be part of the "regular rate" upon which the plaintiffs' overtime is calculated.[5]

The City argues that the terms and conditions of the plaintiffs' employment are governed by the collective bargaining agreement

cause the City is required to make the payments by law and by contract.

**5.** The City cites *Minizza v. Stone Container Corp.,* 842 F.2d 1456, 1458 (3rd Cir.1988), for the proposition that longevity payments should not be considered in calculating overtime. The *Minizza* court held that two lump-sum payments made to employees under a collective bargaining agreement were excluded from the "regular rate" calculations because the payments were negotiated as a trade-off for wage increases. In the instant case, the plaintiffs' wages are clearly delineated and nothing has been bartered in lieu of wage increases.

freely entered between the City and the plaintiffs' representative, the Union; and that the purpose of the contract was to set forth the parties' understanding as to mutually-acceptable rates of pay.[6] *See* Agreement, Article 1. It alleges that the items of compensation at issue were considered during negotiations, and rejected. *See* Defendant's Memorandum in Support of its Motion for Summary Judgment, Proposal No. U–32 and Affidavit of attorney Cheryl Waite. Finally, the City contends that its Agreement is in compliance with the FLSA because the negotiated rate constitutes a "basic rate" which falls within a specifically-approved exception to the FLSA's "regular rate" requirements. 29 U.S.C. § 207(g)(3) ("Section 7(g)(3)").

Reliance on Section 7(g)(3) is misguided. Section 7(g)(3) allows employers and employees to agree to a specific method of calculating a "basic rate" upon which to base overtime, where such calculation may be difficult due to the way non-overtime compensation is computed.[7] Resort to Section 7(g)(3) is unnecessary in the instant case, because the Agreement unequivocally indicates the manner in which non-overtime is determined. *See e.g.*, Agreement, Article 7, Article 11, Sections 4, 5 and 14.

Even assuming, *arguendo*, that Section 7(g)(3) applied to the instant action, the outcome would still be the same. Among the requirements which permit an employer to establish a "basic rate," is the requirement that overtime be "properly computed and paid on other forms of additional pay *required to be included in computing the regular rate.*" Section 7(g)(3)(ii) (emphasis added). As the Court has previously found, shift differentials, hazardous duty pay, non-discretionary bonuses and longevity pay are required to be included in computing the "regular rate" upon which overtime is calculated.

Hence, they must be reflected in the plaintiffs' overtime compensation.

Finally, the City contends that any grievance that the employees have regarding the calculation of overtime compensation should be brought under the grievance and arbitration procedures provided for in the Agreement. It is unnecessary for the parties to return to the bargaining table over this matter. The plaintiffs do not dispute the amount of non-overtime wages they are receiving. The Agreement is clear and unequivocal on that subject. Instead, the City must simply look to the actual payments, exclusive of overtime, which the plaintiffs have agreed shall be paid during the week to arrive at the proper overtime compensation owed the plaintiffs, notwithstanding the contractual designation of a "regular hourly rate."[8] *Harnischfeger, supra* 325 U.S. at 430, 65 S.Ct. at 1248; *Walling v. Youngerman-Reynolds Hardwood Co., Inc.,* 325 U.S. 419, 424, 65 S.Ct. 1242, 1245, 89 L.Ed. 1705 (1944).

### CONCLUSION

ACCORDINGLY, the plaintiffs' Motion for Summary Judgment (Doc. # 20) is GRANTED. The defendant's Motion for Summary Judgment (Doc. # 22) is DENIED.

IT IS SO ORDERED.

### *ORDER*

This Court, having previously entered its Memorandum of Opinion and Order Re: Granting Plaintiffs' Motion for Summary Judgment, and Denying Defendant's Motion for Summary Judgment, hereby orders the parties to report to the Court on Wednesday, December 8, 1993 at 1:15 P.M. with a computation of the amounts to which plaintiffs are entitled pursuant to the Court's grant of summary judgment in plaintiffs' favor.

6. "[A] police officer shall receive one and one-half times his or her *regular hourly rate*" for each hour in excess of the statutory minimum of forty. Agreement, Article 12, Section 3.

7. "The use of basic rates is principally intended to simplify bookkeeping and computation of overtime pay." 29 C.F.R. § 548.100(a).

8. In order to make the required overtime calculations, the City must look to the regulations at 29 C.F.R. §§ 778.100 through 778.122 for guidance.

1138

Plaintiffs are further ordered to confer with one another and come to an agreement as to attorney fees and costs incurred by the plaintiff in pursuit of this matter.

In the event the parties fail to reach an agreement as to the afore-mentioned amounts by Wednesday, November 10, 1993, the plaintiffs are ordered to submit a Motion for Attorneys Fees on or before Friday, November 12, 1993. Plaintiffs shall address the following issues in their memoranda: (1) the reasonable hourly rate and (2) the number of hours actually and reasonably expended on the case.

If defendant objects to the number of hours expended on the case, it shall provide a detailed, specific explanation of why a particular item of services rendered was not reasonably expended on the case. The explanation must include a comprehensive presentation of all factual grounds and legal analysis in a non-conclusory fashion. This memorandum must be filed by Friday, November 19, 1993.

Plaintiffs' reply, if any, must be filed by Monday, November 29, 1993.

IT IS SO ORDERED.